**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA YOLANDA LUQUIN MARTINEZ,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER Jr., Attorney General,<br><br>Respondent. | No. 07-71117<br><br>Agency No. A076-868-819<br><br>MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 11, 2010[**]

Before:    BEEZER, TROTT, and BYBEE, Circuit Judges.

Maria Yolanda Luquin Martinez, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' ("BIA") order denying her

motion to reopen removal proceedings.  Our jurisdiction is governed by 8 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

DL/Research

§ 1252.  We review for abuse of discretion the denial of a motion to reopen, *Ordonez v. INS*, 345 F.3d 777, 782 (9th Cir. 2003), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Luquin Martinez's motion to reopen as untimely because it was filed over sixteen months after the BIA's final order of removal, *see* 8 U.S.C. § 1229a(c)(7)(C)(i), and Luquin Martinez does not argue that any of the regulatory exceptions to the time limitation apply, *see* 8 C.F.R. § 1003.2(c)(3).

Luquin Martinez's contention that she is entitled to relief because her removal would violate the substantive due process rights of her United States citizen children is foreclosed.  *See Urbano de Malaluan v. INS*, 577 F.2d 589, 594 (9th Cir. 1978) (observing that the argument that "the deportation order would amount to a de facto deportation of the child and thus violate the constitutional rights of the child . . . has been authoritatively rejected in numerous cases").

We lack jurisdiction to review the BIA's refusal to reopen proceedings sua sponte under 8 C.F.R. § 1003.2(a).  *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**